# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT F. MORRIS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2312** |
| **NEWELL NORMAND, et al.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Defendants Sheriff Newell Normand ("Normand"), Henry Conravey ("Conravey"), Joshua Bermudez ("Bermudez"), Paul Dupuis ("Dupuis"), and Donald Meunier's ("Meunier") (collectively, "Defendants") "Motion to Dismiss Pursuant to Rule 12(c) or, Alternatively, for Summary Judgment Pursuant to Rule 56."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

### A.    *Factual Background*

Plaintiff Albert F. Morris, Jr. ("Morris") filed a complaint in this matter on October 8, 2014, under 42 U.S.C. § 1983, alleging a deprivation of his rights under the Fourth Amendment of the United States Constitution.[2] Morris alleges that on October 10, 2013, he pursued the vehicle of a suspicious person who he believed had been staking out his property.[3] Morris asserts that he followed the vehicle into a service station and an unmarked police vehicle pulled in behind him.[4]

---

[1] Rec. Doc. 34.

[2] Rec. Doc. 1 at 1.

[3] *Id.* at 3.

[4] *Id.*

Morris avers that he exited his vehicle with his license and registration in hand when three armed men in plain clothes approached him, threw him to the ground, handcuffed him, and then repeatedly struck him.[5] Morris alleges that these three men were Defendants Meunier, Dupuis, and Conravey.[6] Morris avers that another Defendant, Deputy Bermudez, kicked him while he was handcuffed on the ground.[7] Morris argues that he never resisted and his alleged assailants never identified themselves as police officers.[8]

Morris claims that in order to justify their use of excessive force, Defendants conspired to allege that Morris was armed with a firearm when he exited the vehicle, brandished the firearm, and that he resisted arrest.[9] Morris alleges that the deputies also conspired to allege that he had struck a vehicle driven by a plain clothes deputy who had been staking out his property.[10] Morris argues that the Defendants' conduct constitutes excessive force in violation of the Fourth Amendment, a conspiracy to deprive him of his rights, and assault and battery under state law.[11] Morris also states that Defendant Sheriff Normand is further liable under a respondeat superior theory for Morris's state claims and for, *inter alia*, his alleged failure to properly train, supervise, and discipline his deputies.[12]

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 3–4.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.* at 5.

[12] *Id.* at 6–7.

## B.    Procedural Background

Defendants filed the instant motion on May 25, 2016.[13] On June 14, 2016, Morris filed an opposition but failed to attach most of the evidence cited in Morris's memorandum.[14] On June 23, 2016, with leave of Court, Defendants filed a reply brief. [15] On July 27, 2016, the Court issued an Order giving Morris an opportunity to attach the exhibits that were missing from his memorandum.[16] Morris then filed the missing exhibits with the Court on July 29, 2016.[17] On August 4, 2016, the Court found that Morris had not provided specific citations to the evidence and record in his memorandum of opposition to the motion for summary judgment and had failed to address Defendants' qualified immunity argument at all.[18] The Court issued an order granting Morris leave to file a supplemental memorandum addressing the Court's concerns by September 2, 2016.[19] Morris did not file a supplemental memorandum.

## II. Parties' Arguments

## A.    Defendants' Arguments in Support of Summary Judgment

Defendants allege that the Court should either dismiss Morris's complaint pursuant to Federal Rule of Civil Procedure 12(c) or grant summary judgment in Defendants' favor in light of the fact that the Defendants—all sheriff's deputies—are entitled to qualified immunity against

---

[13] Rec. Doc. 34.

[14] Rec. Doc. 36.

[15] Rec. Doc. 39.

[16] Rec. Doc. 43.

[17] Rec. Doc. 45.

[18] Rec. Doc. 47 at 2–3.

[19] *Id.* at 4.

Morris's § 1983 claims.[20]

Defendants contend that on October 10, 2013, there was an on-going investigation into Morris's alleged participation in a narcotics operation, during which another law enforcement officer, Detective Clement, was tasked with conducting surveillance and obtaining some information about Morris's vehicles from his business.[21] As Detective Clement was conducting the surveillance of the business, Deputy Dupuis broadcasted to the agents over the radio that he observed Morris approaching the business in his vehicle.[22] According to Defendants, Detective Clement decided to leave to avoid detection and passed Morris upon leaving the business.[23] Defendants assert that Morris then turned around and pursued Detective Clement's car and was soon joined by his son, who drove a GMC truck.[24]

According to Defendants, Lt. Meunier then instructed Detective Clement to pull into a 24-hour service station to end the multi-vehicle pursuit, at which point Lt. Meunier and the other agents had activated their lights and sirens and were pursuing Morris.[25] Defendants assert that Morris did not heed the lights and sirens and continued to pursue Detective Clement until she pulled into the service station.[26] Defendants claim that Morris and his son then surrounded Detective Clement, and that Morris then exited his vehicle armed with a Glock semi-automatic

---

[20] Rec. Doc. 34-1 at 5.

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 7.

[26] *Id.*

handgun and began approaching Detective Clement's vehicle.[27] According to Defendants, Lt. Meunier, Sgt. Conravey, and Deputy Dupuis then exited their vehicles and approached Morris with their weapons drawn, giving loud verbal orders for him to drop the gun.[28] Defendants claim that Morris complied and threw his gun on the front seat of his vehicle but then refused to comply with the deputies' instructions to submit to handcuffing.[29] According to Defendants, Morris was then placed on the ground and in handcuffs, but he was not punched or kicked, nor was he injured.[30] Defendants argue that no defendant observed any force used by any JPSO employee on Morris, except that force necessary to overcome his passive resistance and to place him in handcuffs and on the ground.[31]

First, Defendants assert that Morris has failed to allege or show that his Fourth Amendment right to be free from excessive force was violated by Defendants Meunier, Conravey, Dupuis, and Bermudez.[32] According to Defendants, in order for Morris to prevail on a § 1983 claim alleging excessive use of force, he "must prove four elements: (1) an injury, which (2) resulted directly and only from the use of force which was clearly excessive to the need, the excessiveness of which was (3) clearly and objectively unreasonable, and (4) the action constituted an unnecessary and wanton infliction of pain."[33] Defendants aver that Morris has omitted from his complaint all of the

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 8.

[32] *Id.*

[33] *Id.* at 9 (citing *Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996)).

facts regarding his own conduct and the events leading to his arrest and the force used at the time.[34] According to Defendants, Morris's complaint fails to meet the standards set by *Ashcroft v. Iqbal* because it only infers "the mere possibility of misconduct" and "stops short of the line between possibility and plausibility of entitlement to relief." [35]

In support of their motion, Defendants point to the Fifth Circuit's holding in *Jackson v. City of Beaumont Police Department*, a case that Defendants assert presents "an almost identical set of facts."[36] According to Defendants, in *Jackson*, the Fifth Circuit noted that the plaintiff's complaint stated that he was arrested on false charges, handcuffed by police officers, and brutally assaulted and repeatedly struck by a nightstick and flashlight to his head with such force that the plaintiff had scars and was diagnosed as having contusions.[37] Defendants represent that the *Jackson* court found that, although the complaint contained "some factual detail concerning injuries allegedly suffered as a result of the arrest," it contained "virtually no facts which would allow determining whether the officers' conduct was unreasonable."[38] According to Defendants, the Fifth Circuit held that the "conclusory allegations" that the alleged assault was without justification and in bad faith was insufficient to overcome the immunity defense, as the plaintiff failed to plead any facts regarding his own conduct, the reasons for why the officers were called to the scene, or other circumstances related to the alleged actions by the officers.[39] As in *Jackson*,

---

[34] *Id*. at 10.

[35] *Id.* (citing 129 S. Ct. 1937, 1949–50 (2009)).

[36] *Id.* at 11–12 (citing 958 F.2d 616, 621 (5th Cir. 1992)).

[37] *Id.*

[38] *Id.* at 12 (quoting *Jackson*, 958 F.2d at 621).

[39] *Id.* (quoting *Jackson*, 958 F.2d at 621).

Defendants argue, Morris only provides conclusory allegations that he was attacked without cause or provocation and fails to provide any supporting facts or circumstances, such as explaining his own conduct or giving a reason for why the officers were called to the scene.[40]

Second, Defendants argue they are entitled to qualified immunity and that Morris cannot meet his summary judgment burden to overcome the defense.[41] Once qualified immunity is invoked, Defendants argue, Morris bears the burden to rebut it.[42] According to Defendants, pursuant to *Saucier v. Katz*, Morris must show both that the Defendants' conduct violated a constitutional right and that such a right was clearly established.[43]

Here, Defendants assert that Morris has failed to identify any specific evidence to create a genuine issue of material fact that his rights were violated under the first prong of *Saucier*.[44] In considering an excessive force claim, Defendants contend, this Court must consider the three factors laid out in *Graham v. Connor*: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of officers or others; and (3) whether the suspect is actively resisting arrest by flight.[45] Defendants assert that there is no evidence in the record that supports Morris's claims of excessive force using the *Graham* factors.[46] Defendants argue that Morris does not state what force was allegedly used by any of the deputies that was unnecessary, nor does he

---

[40] *Id.* at 12–13.

[41] *Id.* at 13.

[42] *Id.* at 14 (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

[43] *Id.* at 5 (citing 553 U.S. 194 (2001)).

[44] *Id.* at 13–14.

[45] *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[46] *Id.* at 15.

provide what injuries, if any, Defendants are individually responsible for causing.[47] Defendants argue that in *Iqbal*, the Supreme Court held that government officials are only liable for their own misconduct; however, according to Defendants, Morris stated in his deposition that he does not know who allegedly beat him and cannot say that any one of the defendants was the one who caused him harm.[48] Accordingly, under the three *Graham* factors, Defendants assert that there is "no question" that Defendants' actions were reasonable, especially in light of Morris's alleged actions of creating a high speed pursuit, approaching an officer with a gun, and resisting arrest.[49] Therefore, Defendants argue, Morris failed to satisfy the first prong under *Saucier*.[50]

Next, Defendants assert that Morris has failed to satisfy the second prong under *Saucier*, *i.e.* that the right was clearly established such that a reasonable officer in similar circumstances would know such conduct was unlawful.[51] Defendants, citing several Supreme Court cases, aver that summary judgment based on qualified immunity is appropriate in cases, like here, where the law did not put a reasonable officer on notice that his conduct was clearly unlawful in those circumstances.[52] According to Defendants, in *Brousseau v. Haugen*, the Supreme Court emphasized that the proper immunity inquiry is more particularized, insofar as it asks "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

---

[47] *Id.*

[48] *Id.*

[49] *Id.* at 16.

[50] *Id.*

[51] *Id.* (citing *Saucier*, 533, U.S. at 202).

[52] *Id.* at 17 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Anderson v. Creighton*, 483 U.S. 635 (1987); *Wilson v. Layne*, 526 U.S. 603, 615 (1999); *Saucier*, 533, U.S. at 202).

confronted."[53] Therefore, Defendants argue, qualified immunity protects officers from the sometimes "hazy border between excessive and acceptable force," and if an officer is mistaken regarding the amount of force that is legal, but such a mistake is reasonable, the officer is entitled to qualified immunity.[54]

Third, Defendants argue that Morris has failed to allege or demonstrate a sufficient factual basis to support his conspiracy claims under § 1983.[55] Defendants allege that to succeed on a claim for conspiracy under § 1983, Morris must show that (1) the Defendants reached an understanding or agreement that they would deny Morris of one of his constitutional rights and (2) the conspiracy resulted in an actual denial of one of his constitutional rights.[56] Defendants assert that, because Morris failed to establish that his constitutional rights were violated, he failed to meet the second prong of his conspiracy claim.[57] Additionally, Defendants argue that Morris does not allege that Defendants reached an agreement or understanding to deny him of his constitutional rights, and such an agreement cannot reasonably be inferred from the factual allegations in the complaint.[58] Therefore, Defendants urge the Court to dismiss Morris's § 1983 conspiracy claims.[59]

Fourth, Defendants allege that Morris cannot maintain a cause of action against Sheriff

---

[53] *Id.* at 19 (citing 543 U.S. 194 (2004)).

[54] *Id.* at 18 (quoting *Saucier*, 121 S. Ct. at 2157).

[55] *Id.* at 20.

[56] *Id.* (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015); *Carr v. Montgomery Cty, Tex.*, 59 F. Supp. 3d 787, 805 (S.D. Tex. 2014); *DiLosa v. City of Kenner*, No. 03-310, 2004 WL 2984342, at *16 (E.D. La. Dec. 16, 2004)).

[57] *Id.*

[58] *Id.* at 20–21.

[59] *Id.* at 21.

Normand in his official capacity—which is treated as a suit against the municipality—unless Morris can meet his burden of proving that: (1) there was a constitutional deprivation and (2) an official policy or custom was the driving force behind the constitutional deprivation.[60] Here, Defendants aver, Morris has failed to prove an underlying constitutional violation arising out of his arrest, and therefore, it is irrelevant whether the municipality had an official policy or custom that would have authorized the conduct.[61]

Moreover, Defendants assert that Morris has failed to plead any facts to support a claim that an alleged violation was policy driven.[62] Defendants represent that Morris's theory of liability rests on the allegation that Sheriff Normand's failure to control the deputies caused the alleged constitutional injury.[63] However, Defendants argue, Morris's complaint consists of mere conclusions and formulaic recitations of the elements of a cause of action, which has been expressly rejected by *Twombly* and federal § 1983 jurisprudence.[64] Specifically, Defendants claim, Morris has alleged no facts regarding a pattern of similar violations, nor has he identified any program, procedure, or policy that supports his claim.[65] Therefore, Defendants argue, these claims

---

[60] *Id.* (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

[61] *Id.* (citing *City of Los Angeles v. Heller*, 475 U.S. 797, 811 (1986); *McKee v. City of Rockwall*, 877 F.2d 409, 414 (5th Cir. 1990)).

[62] *Id.* at 23. According to Defendants, the "official policy" requirement can be met in three different ways: (1) when the municipality promulgates a generally applicable statement of policy and the injury resulted from that policy; (2) when no "official policy" exists, but the action of the policy maker violated a constitutional right; and (3) when the policymaker failed to act to control its agents when it was "so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymake[r] . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 571 (5th Cir. 2001)).

[63] *Id.*

[64] *Id.* at 24.

[65] *Id.*

should be dismissed.[66]

## B.   *Plaintiff's Arguments in Opposition to Motion to Dismiss and Motion for Summary Judgment*

In opposition, Morris first re-asserts the facts alleged in his complaint. [67] In sum, Morris alleges that he and his son decided to pursue the vehicle "snooping around" his home because they feared the individual was casing his home with the intent to later return "to commit some form of theft."[68] Morris states that they noticed other vehicles had joined the pursuit, so he and his son pulled into a gas station with the first vehicle.[69] Morris contends that he was not aware he was being followed by police, "as the lights used by the vehicles in question did not immediately identify them as police vehicles" and he "did not state that he heard sirens."[70] According to Morris, after they pulled in, other unmarked vehicles came up and encircled their vehicles, and individuals who appeared to be plainclothes officers exited the vehicles and "swarmed" Morris and his son.[71] Morris alleges that they were both then "forcibly subdued despite not taking any threatening actions toward any of the individuals on scene."[72] Morris argues that he was struck by Defendants Meunier, Dupuis, and Conravey, while his son was struck by Defendant Bermudez "in a manner well beyond excessive given the lack of aggression demonstrated by plaintiff and his son."[73]

---

[66] *Id.*

[67] Rec. Doc. 36 at 3.

[68] *Id.*

[69] *Id.*

[70] Rec. Doc. 36-2 at 2.

[71] *Id.*

[72] *Id.* at 3–4.

[73] *Id.* at 4.

Morris further states that the facts, as shown by "their own reports or by actual video," "directly contradict" the assertions by Defendants.[74] Morris asserts that the Defendants "concocted facts" that Morris resisted the officers and possessed a firearm.[75] The police report, Morris argues, does not document any damage to the vehicles involved or indicate that a firearm was ever located on scene in Morris's car.[76] Morris argues that there is no indication in the video recordings of the incident that Morris and his son were speeding, struck the undercover vehicle, or attempted to block the vehicle in at the gas station as Defendants allege.[77] Finally, Morris broadly argues that to dismiss his claims or find that Defendants are entitled to summary judgment is "to claim that every allegation made by Plaintiffs [sic] should just be ignored because the officers say it did not happen. Despite the officers [sic] statements being contradicted by the evidence available."[78]

## C.    Defendants' Reply to Morris's Opposition

In their reply, Defendants first note that Morris failed to comply with the Federal Rule of Civil Procedure 56 or Local Rule 56.2, which require a separate and concise statement of material facts that the opponent argues present a genuine issue.[79] Defendants also point out that Morris failed to identify specific page or paragraph numbers in his 124-page deposition that support his contentions.[80] Thus, Defendants assert that the Court should not credit Morris's factual

---

[74] Rec. Doc. 36 at 5.

[75] Id.

[76] Id. (citing Rec. Doc. 36-2 at 3).

[77] Id.

[78] Id.

[79] Rec. Doc. 39 at 1.

[80] Id. (citing Fed. R. Civ. P. 56(c)(1)).

statements.[81]

Defendants further argue that Morris failed to meet his summary judgment burden.[82] Defendants aver that Morris did not provide any proof of an injury that resulted from the alleged use of force, a necessary element of an excessive force claim.[83] Defendants assert that the affidavits submitted by Defendants all state that no more force was used on Morris than was necessary to overcome his passive resistance and place him in handcuffs and on the ground; moreover, his booking records note he was not injured.[84]

Additionally, Defendants argue that the qualified immunity inquiry must evaluate each officer's conduct individually.[85] Here, Defendants state that Morris only alleged that Deputy Bermudez struck his son, and thus Deputy Bermudez should be dismissed from this lawsuit regarding excessive use of force allegations against Morris himself.[86] Moreover, Defendants aver that Morris only made the overly vague allegation that he was "struck" by Defendants Meunier, Dupuis, and Conravey.[87] According to Defendants, the burden shifts to Morris to rebut the qualified immunity defense,[88] and he may not defeat summary judgment merely be arguing a jury

---

[81] *Id.* (citing Fed. R. Civ. P. 56(e)); *See also* LR 56.2; *Bluestein v. Cent. Wisconsin Anesthesiology*, S.C., 769 F.3d 944 n.1 (7th Cir. 2014).

[82] *Id.* at 3.

[83] *Id.* (citing *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (*quoting Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)).

[84] *Id.*

[85] *Id.* at 4 (citing *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir.2012)).

[86] *Id.*

[87] *Id.*

[88] *Id.* at 5 (citing *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997)).

could disbelieve the Defendants.[89]

## III. Law and Analysis

### A. *Legal Standard*

### 1. Motion for Judgment on the Pleadings under Rule 12(c)

A motion for judgment on the pleadings under Rule 12(c) is treated in the same manner as a Rule 12(b)(6) motion to dismiss.[90] "The central issue is whether in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[91] The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[92] To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[93] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[94] If, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56 and all parties must be given an opportunity to present all the

---

[89] *Id.* at 5–6 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (quoting *LaFrenier v. Kinirey*, 550 F.3d 166, 167–68 (5th Cir. 2008)("The appeal sounds a single key theme: that summary judgment could not be granted because Lafrenier is entitled to attack the credibility of the officer's testimony. As a matter of law this is incorrect.")).

[90] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trus Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[91] *Id.* (internal quotations omitted).

[92] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)).

[93] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[94] *Id.* at 1965 (internal quotations, citations, and footnote omitted).

material that is pertinent to the motion.[95]

### 2. Motion for Summary Judgment under Rule 56

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[96] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[97] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[98] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[99]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[100] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence

---

[95] Fed. R. Civ. P. 12(d).

[96] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)*; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[97] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[98] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[99] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[100] *Celotex,* 477 U.S. at 323.

of evidence to support the non-moving party's case.[101] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[102] In doing so, the non-moving party may not rest upon mere allegations or denials in his pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[103] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[104] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[105]

## B.    *Analysis*

Whenever a motion to dismiss is treated as a motion for summary judgment, the nonmovant is entitled to the procedural safeguards of Rule 56.[106]  In the instant matter, both parties have presented evidence outside the pleadings, including a police report, five affidavits, one deposition,

---

[101] *Id.* at 325.

[102] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[103] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[104] *Little*, 37 F.3d at 1075.

[105] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[106] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir. 1990) (citing *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 195 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988)).

16

a photograph, and video footage.[107] The Court has not excluded such evidence, and all parties have been given adequate opportunity to present all material that is pertinent to the motion.[108] Accordingly, the Court will treat Defendants' motion as a motion for summary judgment under Rule 56.

In this litigation, Morris contends that the Defendants' conduct on October 10, 2013, constitutes an excessive use of force in violation of the Fourth Amendment, a conspiracy to deprive him of his rights, assault and battery under Louisiana state law, and, *inter alia*, a failure to train and supervise.[109] In support of their motion, Defendants assert that Morris has failed to adduce any supporting evidence for his allegations and that he failed to sufficiently rebut either prong of Defendants' qualified immunity defense.[110]

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[111] Qualified immunity is an "immunity from suit rather than a mere defense to liability."[112] Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[113] In

---

[107] *See* Rec. Doc. 34-4, 34-5, 34-6, 34-7, 34-8, 34-9, 34-10, 45.

[108] *See Washington*, 901 F.2d at 1284 (procedural safeguards sufficient where district court accepted for consideration matters outside the pleadings and the parties knew that the district court could treat the motion to dismiss as a motion for summary judgment).

[109] Rec. Doc. 1 at 5.

[110] Rec. Doc. 34-1.

[111] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[112] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

[113] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

*Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[114] First, a district court must consider whether, when "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]"[115] Second, a court must inquire into whether the allegedly violated right was "clearly established" at the time, in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[116] The reasonableness inquiry asks whether the officer's conduct is "'objective reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[117] Defendants are entitled to qualified immunity at the summary judgment stage if their "use of force was not 'clearly excessive to the need' or the excessiveness was not 'objectively unreasonable.'"[118] "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."[119]

Accordingly, to determine if qualified immunity is appropriate, the Court must examine the summary judgment record and consider whether Morris has provided sufficient evidence to raise a genuine issue of material fact that suggests (1) the Defendants' conduct violated one of Morris's constitutional rights and (2) the Defendants' actions were objectively unreasonable in

---

[114] 533 U.S. 194 (2001).

[115] *Id.* at 201.

[116] *Id.* at 202.

[117] *Id.* at 397.

[118] *Clark v. Massengill*, 641 F. App'x 418, 420 (5th Cir. 2016) (quoting *Rockwell v. Brown,* 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation marks omitted)).

[119] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

light of the law that was clearly established at the time of the incident.[120]   Because Defendants have invoked their immunity defense, Morris bears the burden to overcome it. [121]

The Court will begin by considering whether Morris has sufficiently demonstrated that the Defendants' conduct violated one of his constitutional rights, *i.e.* the first prong of the qualified immunity analysis. [122] The Supreme Court has recognized that the Fourth Amendment provides every citizen with the constitutional right to be free from objectively excessive uses of force during an arrest by law enforcement officers.[123] In the Fifth Circuit, to state a claim for excessive force in violation of the Fourth Amendment, "a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force which was clearly excessive to the need, the excessiveness of which was (3) clearly and objectively unreasonable, and (4) the action constituted an unnecessary and wanton infliction of pain."[124] To determine if the force used by an officer was objectively reasonable, courts must balance the "amount of force used against the need for that force."[125] In particular, courts should consider the severity of the underlying crime at issue, if the suspect posed an immediate threat to the safety of the officers or others, and if the suspect was actively resisting arrest or evading arrest by flight.[126]

---

[120] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); *see Sauicer*, 533 U.S.at 207–208.

[121] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[122] *Clark v. Massengill*, 641 F. App'x 418, 420 (5th Cir. 2016); *Saucier,* 533 U.S. at 201 (2001).

[123] *See Graham v. Connor*, 490 U.S. 386 (1989); *Giardina v. Lawrence*, No. 07-6578, 2009 WL 1158857, at *3 (E.D. La. Apr. 29, 2009), aff'd, 354 F. App'x 914 (5th Cir. 2009).

[124] *Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996) (citing *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993) (internal quotations omitted)).

[125] *Id.* at 434.

[126] *See Graham*, 490 U.S. at 396; *Giardina*, 2009 WL 1158857, at *3.

In his complaint, Morris asserts that his Fourth Amendment rights were violated when he was "forcibly subdued" by Defendants on October 10, 2013.[127] Morris alleges that he was thrown to the ground face first by Defendants Meunier, Dupuis, and Conravey, twisting his right arm and injuring his right shoulder in the process.[128] Morris avers that these Defendants "then handcuffed his hands behind his back all the while striking him on his head, neck and back."[129] Morris states that he was "struck multiple times," but that he did not resist the Defendants at any point.[130]

While the accusations in Morris's complaint are serious, a party opposing a motion for summary judgment may not simply "rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial."[131] The Fifth Circuit has made clear that "conclusory allegations, unsubstantiated assertions, and speculation are insufficient to show a genuine issue of fact" to defeat a motion for summary judgment.[132] Here, as the Court noted in its previous Order granting Morris leave to file a supplemental memorandum in support of his opposition to Defendants' motion,[133] Morris has failed to "identify specific evidence in the record, and articulate precisely how that evidence

---

[127] Rec. Doc. 36 at 3.

[128] Rec. Doc. 1 at 3–4.

[129] *Id.* at 3. Morris subsequently contends that "he was struck multiple times in the back, upper arms and head area" as well.

[130] *Id.* at 3–4.

[131] *Connelly v. Veterans Admin. Hosp.*, 23 F. Supp. 3d 648, 659 (E.D. La. 2014) (Brown, J.); *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[132] *Clark v. Massengill*, 641 F. App'x 418, 420 (5th Cir. 2016); *see Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (stating that "unsupported allegations . . . setting forth ultimate or conclusory facts" are insufficient to defeat a motion for summary judgment);

[133] Rec. Doc. 47 at 2.

supports his claims."[134] Instead of offering specific citations to the record, Morris merely points to the entirety of his 124-page deposition, two lengthy videos of security camera footage of the incident, the entire police report, and an undated, unauthenticated photograph of his son as evidence in support of his allegations.[135] However, Federal Rule of Civil Procedure 56(c) requires that a party asserting that a fact is genuinely disputed must support that assertion by "citing to *particular parts of materials* in the record."[136] Moreover, Morris failed to file a supplemental memorandum addressing these concerns after the Court explicitly provided Morris with the opportunity to do so.[137] As the Court previously noted, it is not the Court's responsibility to dig through the record to find evidence to support Morris's claims after he fails to identify any supporting citations to the record.[138]

Rule 56(c)(3) of the Federal Rules of Civil Procedure states that the Court is only required to consider the *cited materials* when deciding a motion for summary judgment. Likewise, Rule 56(e) provides that, when a party fails to properly support an assertion of fact or fails to address the opposing party's assertion of fact, the Court may grant summary judgment if the motion and supporting materials show the movant is entitled to it.[139] However, even if the Court considers the entirety of the documents submitted by Morris, the Court has not identified any portion of Morris's

---

[134] *Id.* (quotation marks omitted).

[135] *See* Rec. Docs. 34-4, 36-1, 44.

[136] Fed. R. Civ. P. 56(c) (emphasis added). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (requiring the nonmoving party, if he or she bears the burden of proof at trial, to designated specific facts that show a genuine issue for trial exists in order to survive a motion for summary judgment).

[137] Rec. Doc. 47 at 4.

[138] Rec. Doc. 47 at 3.

[139] Fed. R. Civ. P. 56(e).

exhibits, nor has Morris cited to any, that shows Morris has adduced evidence that suggests the Defendants' use of force was excessive in these circumstances. As the Fifth Circuit has held, district courts must focus on each law enforcement officers' "individual conduct to determine which of them could individually be held liable for the use of excessive force."[140] Here, however, Morris has adduced no evidence supporting his allegations that Defendants Bermudez, Conravey, Meuiner, or Dupuis used excessive force against him during his arrest.[141]

Moreover, though Morris points to his 124-page deposition as support for his allegations, he failed to include citations "to *particular parts of materials* in the record" as required by Federal Rule of Civil Procedure 56(c). While the Court is required to accept the statements of the party opposing summary judgment as true, it must be supported "with facts in the record," as "unsubstantiated allegations . . . will not withstand summary judgment."[142] Even if the Court considers the entire deposition, the Court again cannot find any specific factual assertions in Morris's deposition, nor has Morris provided any, that sufficiently alleges the specific conduct and actions of each individual Defendant that violated Morris's constitutional rights.[143]

---

[140] *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 478 (5th Cir. 2014).

[141] In the lengthy video footage provided by Morris, for example, the Court cannot discern any actions by Defendants that support Morris's allegation that he was struck multiple times by Defendants after being handcuffed. In fact, in his deposition, when asked if the videos shows, at any time, Morris being hit, Morris responds, "Nope." Rec. Doc. 36-1 at 110. Likewise, a photograph of Morris's son, who is not a plaintiff in this matter, does not sufficiently support Morris's argument that his own rights were violated. Rec. Doc. 34.

[142] *See White v. United States*, 863 F. Supp. 2d 41, 48 (D. D.C. 2012) (citing *Greene v. Dalton,* 164 F.3d 671, 675 (D.C. Cir.1999)).

[143] For example, when asked if Defendant Meunier was one of the officers who allegedly "took [Morris] down," Morris stated, "I don't know." Rec. Doc. 36-1 at 42. When directly asked again if "Don Meunier was one of the ones that hit [him]," Morris again provides the vague averment that "[h]e definitely was there." *Id.* at 43. When asked if Defendant Dupuis kicked him, Morris only states that "I know he was there, but I don't know what he did." *Id.* at 44. Likewise, when asked what Morris remembers about Defendant Conravey's actions against him during his arrest, Morris states, "I really don't." *Id.* at 45. When he was asked if Defendant Bermudez kicked or struck him, Morris responds that "Bermudez is probably a claim from my son." *Id.* at 46. Morris's son is not a party to this matter.

In fact, other evidence that Morris provided contradicts, rather than supports, several of his assertions. In his opposition memorandum, Morris states that no damage to any officer's vehicle is documented in the police report, which he argues suggests the Defendants fabricated the charge that he hit Detective Clement's vehicle while pursuing her.[144] However, the Court notes that the police report does in fact indicate there was "minor damage to rear bumper" on Detective Clement's vehicle after the incident.[145] Morris also contends that "according to the police report, no such firearm was ever located on scene in Plaintiff's vehicle."[146] While the police report does not appear to state where the gun was located, however, there are references to Morris possessing and brandishing a gun throughout the document,[147] and a firearms trace report is included in the police report as well.[148] Morris further states that during the pursuit of Detective Clement, "he was not aware at the time he was being followed by police, as the lights used by the vehicles in question did not immediately identify them as police vehicles."[149] However, in his complaint, Morris states that he exited his car immediately following the pursuit "with his license and registration in hand."[150]  Both videos submitted by Morris also show multiple marked police cars with lights flashing pull into the same service station behind Morris and his son.[151] Moreover, Morris offers

---

[144] Rec. Doc. 36 at 5.

[145] *See* Rec. Doc. 34-4 at 6.

[146] Rec. Doc. 36 at 5.

[147] *See, e.g.*, Rec. Doc. 34-4 at 23 ("A/S exited his vehicle armed with a semi-automatic Glock handgun . . . ."); *id.* at 38 ("It should be noted that during this time, Det. Clement clearly observed Morris to be brandishing what appeared to be a small semi-automatic handgun.").

[148] *Id.* at 16.

[149] Rec. Doc. 36-2 at 2.

[150] Rec. Doc. 1 at 3.

[151] *See* Rec. Doc. 44 (Exhibit 3 and Exhibit 4).

a photograph of his son's injuries in support of his claims,[152] but he has not provided the Court with any evidence to support the claim that Morris himself was injured during the incident. By contrast, the police report referenced by Morris notes that while his son sustained injuries during his arrest, Morris did not.[153]

Thus, under the facts established by the summary judgment record, viewed in the light most favorable to Morris, the Court finds that Morris has failed to show that Defendants Bermudez, Conravey, Meuiner, or Dupuis' actions violated Morris's Fourth Amendment rights. Here, Morris has not adduced any specific evidence to create a genuine issue of material fact that the Defendants used force which was "clearly excessive of the need" and "objectively unreasonable."[154] As the Fifth Circuit held in *Jackson v. City of Beaumont Police Department*, "conclusory allegations" that officers' actions were "without justification" or "in bad faith" are insufficient to overcome the immunity defense.[155] Morris has not provided any evidence beyond the vague allegations in his complaint to support his claim that he was injured during his arrest or that his rights were violated. Likewise, he has not offered evidence that the actions taken by Defendants were unreasonable. "Under these circumstances, no rational trier of fact could find" that Defendants violated Morris's constitutional rights.[156]

By contrast, Defendants have produced significant evidence suggesting that Morris posed

---

[152] *See* Rec. Doc. 44 (Exhibit 5).

[153] *See* Rec. Doc. 34-4 at 12.

[154] *Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996) (citing *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993) (internal quotations omitted)).

[155] 958 F.2d at 621.

[156] *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002).

some threat to the safety of the officers and those around them[157] by pursuing Detective Clement's vehicle,[158] failing to yield to Defendants' sirens and lights,[159] possessing and brandishing a firearm,[160] and passively resisting arrest.[161] The Supreme Court has "long recognized" that "some degree of physical coercion" will sometimes be necessary to effectuate an arrest.[162] Here, though Defendants state that some force was used to place Morris on the ground and handcuff him, there is no indication in the record that such force was unnecessary under these circumstances. Accordingly, in light of Morris's failure to present sufficient evidence to suggest his Fourth Amendment rights were violated in these circumstances and considering the three-factor *Graham* test for evaluating the use of force[163] and the conduct of each defendant individually,[164] the Court finds that Defendants Conravey, Bermudez, Dupuis, and Meunier are entitled to qualified immunity.

Next, Morris argues that Defendants conspired to falsely allege that he was armed with a

---

[157] Although Plaintiff makes a general plea to the Court to distrust Defendants' evidence, in considering a motion for summary judgment, the Court "refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co.*, 530 F.3d at 398–99.

[158] Rec. Doc. 34-1 at 16. Morris also admits to following the unmarked car into the gas station. Rec. Doc. 36 at 3.

[159] Rec. Doc. 34-1 at 7. In Morris's "Response to Defendants' Statement of Contested Facts," he does not dispute that the Defendants activated their lights and sirens, but rather contends that "the lights used by the vehicles in question did not immediately identify them as police vehicles" and that he did not hear the sirens. *See* Rec. Doc. 36-2 at 2.

[160] *See* Rec. Doc. 34-4 at 23.

[161] *See* Rec. Doc. 34-1.

[162] *Graham v. Connor*, 490 U.S. 386, 396 (1989).

[163] *See id.* (advising courts to consider the severity of the underlying crime, whether the suspect poses a threat to the safety of the officers and others, and whether the suspect is resisting arrest or fleeing); *Giardina*, 2009 WL 1158857, at *3.

[164] *See Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 478 (5th Cir. 2014) (stating that district courts must "'examine[ ] the actions of defendants individually in the qualified immunity context' under *Meadours v. Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007).").

firearm, resisted arrest, and struck Detective Clement's vehicle while following her to justify their use of force.[165] In order to prevail on a conspiracy claim under 42 U.S.C. § 1983, Morris must demonstrate (1) that there was "an agreement to commit an illegal act between the defendant and at least one other person acting under color of state law" and (2) there was "an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement."[166] Here, the Court finds that Morris has offered no evidence beyond unsupported allegations that there was any such agreement among the Defendants. While Morris asserts that "the facts directly contradict the assertions" by Defendants,[167] the Court notes that Morris's own exhibits undermine that claim. For example, contrary to Morris's assertion,[168] the police report and each of Defendants' affidavits support Defendants' assertions that Morris possessed a firearm during the incident, passively resisted arrest, and hit Detective Clement's vehicle while Morris was in pursuit.[169] Moreover, as the Court found *supra*, Morris has not presented sufficient evidence to establish that there was "an actual deprivation" of his rights.[170] Accordingly, the Court finds that summary judgment is proper on Morris's conspiracy claim as well.

Morris further alleges state law claims for assault and battery against Defendants Meunier, Dupuis, Conravey, and Bermudez for the same conduct on which he bases his Fourth Amendment

---

[165] Rec. Doc. 1 at 4.

[166] *DiLosa v. City of Kenner*, No. 03-0310, 2004 WL 2984342, at *16 (E.D. La. Dec. 16, 2004) (Vance, J.) (citing *McCall v. Peters*, No. 3:00–CV–2247–D, 2003 WL 21488211, at *8 (N.D. Tex. May 12, 2003), *aff'd*, 2004 WL 1842567 (5th Cir. 2004)).

[167] Rec. Doc. 36 at 4.

[168] *See* Rec. Doc. 36 at 4 ("In this rare case, the facts directly contradict the assertions by officers, and are sown [sic] by either their own reports or by actual video.").

[169] *See* Rec. Docs. 34-4, 34-5, 34-6, 34-7, 34-8.

[170] *DiLosa*, 2004 WL 2984342, at *16.

26

claim.[171] Under Louisiana law, a plaintiff alleging the torts of assault and battery against a law enforcement officer acting in the course of employment must show that the law enforcement officer acted with unreasonable or excessive force.[172] Louisiana courts examine the totality of the facts and circumstances, such as the risk and dangers faced by the officer, the nature of the underlying offenses, the chance of escape, the comparative size and strength of the officers, and the exigencies of the moment, to determine if the force used was reasonable.[173]

Using the same analysis applied above to find that Morris failed to show that Defendants' use of force was unreasonable or excessive under the Fourth Amendment, the Court finds that Morris has also failed to offer sufficient evidence to support his state law tort claims premised on the same alleged incident. Here, Morris has not provided any specific factual support for his allegations that he was assaulted and battered. Morris has not offered evidence of his own injuries or identified any witnesses or portion of the video surveillance footage that support his allegations of excessive force by Defendants. Rather, the Court finds that the record demonstrates there was significant risk to the officers in light of Morris's pursuit of Detective Clement, his possession and brandishing of a firearm, and his resistance to arrest, as well as the underlying crimes for which Morris was under investigation. Accordingly, the Court finds that summary judgment for Morris's

---

[171] Rec. Doc. 1 at 7.

[172] *Gerard v. Parish of Jefferson,* 424 So.2d 440, 444 (La. Ct. App. 1982) (*citing Kyle,* 353 So.2d at 972); *see also Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013); *Taylor v. United States,* 1991 WL 280066 (E.D. La. Dec. 19, 1991) ("Under Louisiana law, in the absence of the use of excessive force, a law enforcement officer cannot be held liable for assault and battery if the assault and battery occurred during a lawful arrest.").

[173] *Kyle v. City of New Orleans*, 353 So. 2d 969, 973 (La. 1977); *Picou v. Terrebonne Parish Sheriff's Office*, No. 11106 (La. App. 1 Cir. 2/14/77); 343 So. 2d 306; *see also Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013).

state law tort claims is proper.

Finally, Morris contends that Defendant Sheriff Normand is liable under the doctrine of respondeat superior for all state law claims, and is also liable for "negligence in hiring, training, retraining, punishment, discipline, supervision and retaining of the individual defendant deputies."[174] However, because no reasonable factfinder could find for Morris against Defendants Meunier, Dupuis, Conravey, and Bermudez, the Court accordingly must dismiss Morris's state law respondeat superior claims as well. Additionally, Morris has failed to provide any detail, evidence, or citations to the record for his allegation that Defendant Normand was negligent in carrying out his duties. For example, when Morris was repeatedly asked during his deposition to identify how Defendant Normand improperly trained the other deputies, Morris failed to provide any detail.[175] Like the claim dismissed by the Fifth Circuit in *Whitley v. Hanna*, Morris simply states the formulaic allegation that Defendant Normand was "negligent in hiring, training, retraining, punishment, discipline, supervision and retaining."[176] "Such allegations are insufficient to survive dismissal."[177] Thus, the Court will grant summary judgment and dismiss Morris's claims against Defendant Normand.

---

[174] Rec. Doc. 1 at 7.

[175] *See* Rec. Doc. 36-1 at 113–116. At one point in the discussion of Morris's accusations regarding improper training, Morris concedes that he "can't prove any evidence of that." *Id.* at 114.

[176] *Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013).

[177] *Id.* (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (conclusory description of policy or custom insufficient)).

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that "Motion to Dismiss Pursuant to Rule 12(c) or, Alternatively, for Summary Judgment Pursuant to Rule 56"[178] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this <u>5th</u> day of October, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[178] Rec. Doc. 34.